UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVNIA

_____X

CARMAN Y. WILLIAMS, individually, and as p/n/g

of A.A.A.

                              Plaintiffs,

v.


MILTON HERSHEY SCHOOL, JAMES CASE,
KARINA SANDEN, NATHAN SANDEN,
KRIS VOGELE, its agents, servants, employees
and all others in active concert with them,

                              Defendants.


_____X

**FILED**
HARRISBURG, PA

JUN 0 8 2004

MARY E. D'ANDREA, CLERK
Per_____
                Deputy Clerk

COMPLAINT

JURY TRIAL DEMANDED

**4:CV 04-1237**


COME NOW THE PLAINTIFFS complaining and alleging all upon personal knowledge,

information and/or belief, as follows:

## JURISDICTION

This Court has federal question, 42 U.S.C. § 1981 (a)-(b), Fed. R. Civ. P. 65, and

diversity jurisdiction pursuant to 28 U.S.C. §§'s 1331 -1332, 28 U.S.C. § 1367(a).

## VENUE

Venue is proper within the Middle District of Pennsylvania as all defendants are either

entities organized and existing under the laws of the State of Pennsylvania or are individuals who

all either reside or are employed within the State of Pennsylvania and in the Middle District.

## PARTIES

Plaintiff is the parent and natural guardian of a child denominated herein as A.A.A. ("Infant") and is a citizen of the State of New York.

The Infant is a domiciliary and citizen of the State of New York and has been continuously enrolled at the Milton Hershey School since the fall of 1997.

## FIRST CAUSE OF ACTION

## (AS TO ALL DEFENDANTS)

## 42 U.S.C. 1981

1.      Plaintiff and the Infant are African-American.

2.      Defendants, are all upon belief, with the exception of James Case ("Case"), Caucasian.

3.      Defendants know and have known from the time of the infant plaintiff's enrollment at the School that both Plaintiffs' are African-American.

4.      Upon belief, Defendants based upon Plaintiff's exercise of her rights to access to the Court, and with the intent to discriminate against the Plaintiff on the basis of her race, to seek redress of grievances, have engaged and are engaged in conduct towards the Plaintiffs in retaliation for Plaintiff's lawsuit against the School concluded in or about February 2004.

5.      Soon after the lawsuit ended, Defendants began a course of conduct with the intent, upon information and belief, to discriminate against the Plaintiff and her daughter on the basis of their race.

6.      Defendants have persistently – when Plaintiff has complained about white employees who have engaged in misconduct – refused to take remedial action against the employees and all but ignored the Plaintiff's complaints. The first such instance gave rise to the previous suit, and more recently, the School has resumed its racist conduct towards the Plaintiff by leveling accusations against the Plaintiff and the Plaintiff's infant child.

2

7.    The accusations are, upon belief, completely baseless.

8.    Defendants have also begun a course of conduct in which the Plaintiff's infant child has been written up for frivolous reasons or for reasons that violate the School's express policy as set forth in its Handbook.

9.    In or about May 9, 2004, the Sandens, either Nathan or Karina, discarded groceries that Plaintiff brought to her daughter during the School's Parent Weekend alleging that they were thrown out because they were left on the counter.

10.    Defendant houseparents have on a number of occasions advised the Plaintiff that they do not believe in wasting food. Clearly throwing out recently purchased grocery items is indeed wasting not only food, but money as well.

11.    The Defendants acted maliciously and intentionally.

12.    Karina Sanden wrote the Plaintiff a hostile email in or about March 2004 in which she insulted the Plaintiff with the intent, upon belief, of provoking a confrontation.

13.    Nathan Sanden, in response to a request for information to him regarding the infant Plaintiff, also forwarded hostile and abusive email to the plaintiff.

14.    Plaintiff brought the matter to the attention of the School, who upon belief, took no action against the employees, and by their actions have ratified and condoned the conduct of said employees.

15.    By a letter dated April 22, 2004, not mailed to the Plaintiff until May 6, 2004, the Plaintiff was advised by James Case, Home life Administrator, that he wanted the Plaintiff to come to the School within a "couple of weeks" to meet with him and other School staff, and that if Plaintiff did not meet with them, then a decision would be made by himself and the Sandens regarding the continued placement of the infant plaintiff in the present student home.

3

16.    This letter evidences the School's bad faith, malice, and intent to discriminate. The Plaintiff was not even provided with sufficient time within which to respond because the two weeks in which she was asked to be available for a meeting elapsed before the letter seeking same was ever mailed to the plaintiff.

17.    The actions by the defendants stem from racial animus towards Plaintiffs on the basis of race, and have been done to intentionally discriminate against the Plaintiffs based upon their race, and for the exercise of their rights pursuant to 42 U.S.C. § 1981, and further the defendants have engaged in a course of conduct towards the Plaintiff that violates 42 U.S.C. § 1981(b) insofar as the Plaintiff and the infant plaintiff have been subjected to differential treatment upon the basis of race.

18.    Similarly situated white students, upon belief, are not written up and disciplined for frivolous reasons, or are not disciplined as harshly as the African-American infant plaintiff by the defendants.

19.    Plaintiff reiterates and realleges the allegations set forth in paragraphs One through Thirteen as though fully set forth below, and further alleges as follows.

20.    Alternatively, the School defendants have engaged and are engaging in a course of conduct, including a threat to transfer the infant plaintiff – for the second time during her assignment to her present student home – in bad faith, and in retaliation for Plaintiff's lawsuit against the School, and in an effort to adversely affect the terms and conditions of the infant Plaintiff's enrollment at the School.

21.    The School's adverse actions and threats intensified after the conclusion of the lawsuit against the School, and upon belief, were being done and are being done in an effort to retaliate against the African-American Plaintiff for having engaged in protected activity, to wit, filing a lawsuit against defendants.

22. Upon belief, similarly situated white students are not subjected to unwarranted disciplinary action or threats of transfer.

23. Upon information and belief, at least one white student in the same student home who has engaged in numerous acts of misconduct in the student home, e.g. theft, has been less severely disciplined, if disciplined at all for her actions.

24. Conversely, the infant plaintiff has been disciplined—unjustifiably--- for engaging in a private conversation with other students, in violation of the School's policy as set forth in the handbook, and on a number of occasions for spurious and baseless reasons by the houseparents in an effort to adversely affect the infant Plaintiff's enrollment in the School.

25. The infant Plaintiff's personal belongings have been searched by Karina Sanden in violation of the School's express policy as set forth in its Handbook.

26. The School has departed from its usual policies and procedures in a number of respects in an effort to single out and harass the Plaintiffs.

27. The infant plaintiff was forced to sign a disciplinary report that was inaccurate and that described her alleged infraction as "disrespect towards a houseparent."
No such incident ever occurred, and as set forth above, the infant plaintiff was engaged in a private conversation with other students in the student home.

28. Further, each and every occasion that Plaintiff raises an issue with the School regarding the houseparents' conduct, the School "circles the wagons" and counters, in essence, that the houseparents have done nothing wrong, but that it is the Plaintiff who has engaged in misconduct. This is most pronounced when the employees complained about are white, and has occurred in nearly every instance.

29. Complaints about white students who have engaged in misconduct, i.e., theft of property from the infant plaintiff, as well as conduct on the Internet that could conceivably compromise the safety of the students, have been met with curt responses, if any at all.

5

30.    Defendants are subjecting the Plaintiff's to differential treatment in the terms and conditions of the contractual relation, on the basis of race in violation of 42 U.S.C. § 1981.

31.    Plaintiff respectfully requests that the Court set the matter down for a hearing at the earliest possible date and permit expedited discovery so that Plaintiff's motion for a preliminary injunction against the Defendants can be heard and determined, and for such other and further relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION

## (AS TO THE SCHOOL DEFENDANTS)

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

32.    Alternatively, the relationship between the parties is governed by an Enrollment Agreement ("Enrollment Agreement"), a document which upon belief, constitutes a contract and is governed by applicable principles of contract law.

33.    Defendants, by their course of conduct, have breached the duty of good faith and fair dealing implied in all contracts, and are acting in and have acted in bad faith and in an effort to retaliate against and harass the Plaintiff for her opposition to the School's discriminatory practices.

34.    Upon belief, defendants are attempting to harass and annoy the Plaintiff beyond the point of endurance that either she or any reasonable person could stand it, so that the Plaintiff will take her child out of the School, and thus forfeit a substantial scholarship that the infant Plaintiff qualifies for under the terms of the School's Deed of Trust.

35.    Plaintiff requests that the Court enter a restraining order/preliminary injunction to enjoin and restrain the School parties from engaging in any further acts of harassment towards the Plaintiff or the infant plaintiff, and for such other and further relief as the Court deems just and proper.

36.    Plaintiff has not advised Defendants of the presentation of the complaint or request for injunctive relief, and believes that the School parties would escalate its retaliatory actions and conduct towards the Plaintiff's if notice were given.  Notice will be given as to the date and time of the preliminary injunction hearing  and briefing schedule, etc., by the Court.

WHEREFORE, Plaintiff requests:

(1)That the Court schedule an expedited hearing in connection with Plaintiff's motion for a preliminary injunction,

(2)that the Court permit expedited discovery in preparation for the hearing, and that

(3) a Temporary Restraining Order be granted in accordance with Fed. R. Civ. P. 65, that judgment against the defendants be entered in an amount to be determined at trial, and that all claims be tried to a jury, and for such other and further relief as the Court deems just and proper.

Dated:        May 11, 2004

CARMAN Y. WILLIAMS
Plaintiff, pro se
344 E. 28th Street
New York, New York 10016

7